JANE A. NEWMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Newman v. Commissioner
Docket No. 15633-80.
United States Tax Court
T.C. Memo 1981-621; 1981 Tax Ct. Memo LEXIS 116; 42 T.C.M. (CCH) 1522; T.C.M. (RIA) 81621; October 26, 1981. Jane A. Newman, pro se. Barry J. Laterman, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned for trial to Special Trial Judge Marvin F. Peterson, pursuant to the provisions of General Order No. 6, 69 T.C. XV (1978). The Court agrees with and adopts his report, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PETERSON, Special Trial Judge: Respondent determined a deficiency of $ 875.76 in petitioner's *117 1977 federal income tax. The sole issue for decision is whether certain payments received by petitioner from her former husband are taxable as alimony pursuant to section 71. [1]
FINDINGS OF FACT Some of the facts have been stipulated by the parties and are found accordingly. Petitioner resided in Goshen, Massachusetts when she filed her petition in this case. Petitioner timely filed a joint 1977 federal income tax return with her present husband with the Director, Internal Revenue Service Center, Andover, Massachusetts. Petitioner Jane A. Newman (hereinafter petitioner) was divorced from Archie Broaddus Livingston pursuant to a "FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE" (hereinafter divorce decree) entered by the Circuit Court for Hillsborough County, Florida, on January 2, 1974. The divorce decree awarded custody of John, Juliet and Jeffrey, the children of petitioner and her former husband, to petitioner. Petitioner was married to Robert S. Newman during July, 1974, and remained married to him from that time through the taxable year at issue. In pertinent *118 part, the divorce decree provided that petitioner's former husband: [S]hall pay unto the petitioner $ 15,000.00 per year alimony and child support, payable $ 1,250.00 per month commencing January 1, 1974, and on the 1st of each succeeding month for a period of twelve (12) years, said sum to be reduced by $ 250.00 per month per child upon any of the following: (a) The death of said child, (b) The child ceases to reside with petitioner or is attending college, (c) The child becomes self-supporting, (d) The marriage of said child or becoming 18 years of age, whichever event first occurs, and said sum likewise to be reduced by $ 500.00 per month upon the death or remarriage of petitioner. During 1977 Juliet and Jeffrey resided with petitioner while John resided elsewhere. Therefore, pursuant to the divorce decree, petitioner received $ 6,000 in payments from her former husband during 1977. On September 15, 1977, the Circuit Court for Hillsborough County entered an "ORDER REGARDING SUPPORT PAYMENTS AND PSYCHIATRIC BILL" (hereinafter modification order) which provided, in part, that "commencing October 1, 1977, the husband shall make his monthly payments of child support *119 through the Clerk of the Circuit Court, same being $ 500.00 plus $ 1.00 clerk's fee monthly." Respondent determined that the $ 1,500 received by petitioner pursuant to the modification order, from the period October 1, 1977 through December 31, 1977, constituted nontaxable child support, but that the $ 4,500 received by petitioner from January 1, 1977 through September 30, 1977, was alimony. OPINION The issue is whether amounts received by petitioner pursuant to the divorce decree are alimony or nontaxable child support. The divorce decree provided for the payment of $ 15,000 per year for "alimony and child support", said sum to be reduced by $ 250 per month if any child dies, ceases to reside with petitioner, or attends college, becomes self-supporting, or reaches age 18 or marries. In addition, the divorce decree provided that if petitioner remarries the monthly payments will be reduced by $ 500. The Circuit Court's modification order directed petitioner's former husband to make his monthly "child support" payments of $ 500 to the Clerk of the Circuit Court. Respondent has determined that only amounts received subsequent to the modification order constituted nontaxable *120 child support under section 71(b), and that amounts received prior thereto pursuant to the divorce decree were taxable alimony income under section 71(a). [2]
*121 Petitioner first argues that the divorce decree, standing alone, is sufficiently clear to determine which portion of the monthly payment represents alimony and which portion represents child support. The divorce decree provides for monthly payments of $ 1,250, to be reduced by $ 250 if certain contingencies occur with respect to each child, and by $ 500 if petitioner remarries. Petitioner did remarry, and one child was living away from home, so petitioner received monthly payments of $ 500. Therefore, contends petitioner, "all reductions and amounts in the [divorce decree] were specifically fixed in such a fashion as to easily discriminate between alimony and child support." Respondent contends that the divorce decree does not specifically designate an amount for child support, and therefore all of the monthly payments prior to the modification order of September 15, 1977, constitute alimony. We must agree with respondent. While we are sympathetic with petitioner's argument, the law in this area has been quite clear since the Supreme Court's decision in . On facts strikingly similar to these, the Supreme Court, in *122 finding that the parties' agreement did not fix a sum as child support, stated at 303: The agreement must expressly specify or "fix" a sum certain or percentage of the payment for child support before any of the payment is excluded from the wife's income. The statutory requirement is strict and carefully worded. It does not say that "a sufficiently clear purpose" on the part of the parties is sufficient to shift the tax. It says that the "written instrument" must "fix" that "portion of the payment" which is to go to the support of the children. Otherwise, the wife must pay the tax on the whole payment. We are obliged to enforce this mandate of the Congress. In the instant case the divorce decree provided for monthly payments as "alimony and child support", and although there is cogent evidence from which it could be concluded that the $ 500 monthly payments received by petitioner during 1977 would be for child support, the Lester case makes it clear that this is not enough. As stated by Justice Douglas in his concurring opinion, "It is not enough to say that the sum can be computed. Congress drew a clear line when it used the word 'fix'." . *123 Petitioner next contends that the modification order issued on September 15, 1977, does fix the monthly payments as child support since it states that petitioner's former husband shall make his monthly "child support" payments of $ 500 through the Clerk of the Court, rather than to petitioner directly. Respondent contends that this modification order should be given prospective application only. Again, we agree with respondent. This Court has given effect, for tax purposes, to a nuncprotunc order issued by a court to correct a mistake in the original divorce decree and to conform the original decree to what was the intention of the court at the time of the issuance of the original decree. ; . However, where a later modification order allocates a portion of the alimony and child support payments solely to child support, we have held that the modification order operates prospectively only, and that the payments received prior to the modification order remain taxable as alimony income. ; *124 . In the instant case, the Circuit Court's modification order was not issued to "correct" any mistake in the original divorce decree, but rather, was issued to direct petitioner's former husband to remit the monthly checks to the Circuit Court's Clerk, instead of to petitioner directly. Under these circumstances, we hold the modification order only operates prospectively, and amounts received prior to the issuance of the order remain alimony. Petitioner also contends that her position is supported by the language of the "Master Tax Guide" published by Commerce Clearing House, Inc. However, regardless of what such a publication provides, it is clear that the law is the statutes as enacted by Congress, and decisions of courts interpreting those statutes, not what such publications interpret the law to be. To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Section 71 provides, in part: SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule.-- (1) Decree of Divorce or Separate Maintenance.-- If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. (b) Payments to Support Minor Children.--Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support.↩